Debrigny, J.
delivered the opinion of the court. The plaintiff and appellee, sold to Robert Carter, supposed to be the agent of the appellants, his crop of cotton, at the rate of 30 cents per pound : when the cotton was tendered, it was refused under pretence, that R. Carter acted without authority; and it being afterwards sold for less, the plaintiff brought this action against the appellants for the balance.
The question is one of fact, and a very simple one. Was or was not R. Carter the agent of the appellants, for the purpose of this purchase?
It is not pretended, that Carter had any general authority, to act as the agent of the appellants. What appears in evidence, is that he was sent by them, from Havre de Grace to this port, in the capacity of supercargo, on board of the ship Favourite. The expressions used by the appellants, in a letter addressed by them on that occasion, to J. C. Wederstrandt & co. their correspondents here, are as follows : “ The entire management of the Favou *298 rite's affairs, is in the hands of Mr. Carter." The entire management of the affairs of a vessel, which is to take in a return freight, surely includes the authority, to invest the proceeds of the cargo, in such return articles, as the agent may think most advantageous to his constituent; and as the cargo can rarely be disposed of for cash immediately, the purchase of return articles, payable on the proceeds of the cargo when sold, would not seem to exceed the limits of the agency. Thus, if it had been proved in this case, that the cotton was bought for the return cargo of the Favourite, or at least that the Favourite was still in this port, when the cotton was ready for delivery, the purchase might be viewed as made by Carter, under his agency; but nothing of the kind having been done, and the evidence showing on the contrary, that the Favourite arrived here in the spring, and that the cotton was tendered in October, so that there is not even a probability, that it was ever intended to be shipped in that vessel, we cannot but say that the plaintiff has failed to support his claim.
If is, therefore, ordered, adjudged and decreed, that the judgment of the district court, be *299 annulled, avoided and reversed, and that judgment be entered for the appellants with costs.
Duncan for the plaintiff, Grymes for the defendants.